## KUNZ et v. TURBECK.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3120. Decided Jan. 30, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

94a. ARCHITECTS—1279. Works, Labor and Services.

1. Where architect submits estimate of probable cost of building, he may recover compensation provided estimate is approximately or reasonably near estimated amount.

2. Where cost exceeds, by more than 20%, estimate given by architect, cost is not approximately nor reasonably near proposed amount or estimate.

Error to Common Pleas.

Judgment modified and affirmed.

Dorger & Dorger and E. C. Skelton, Cincinnati, for Kunz et.

Creed & Creed, Cincinnati, for Torbeck.

STATEMENT OF FACTS.

This action was brought in the Municipal Court of Cincinnati by plaintiffs in error here, upon a contract for commission for their services as architects for a bungalow, which Torbeck, the defendant in error, had contemplated building.

The result of the trial in the Municipal Court was a judgment in favor of the plaintiffs in error here.

Torbeck prosecuted error to the Court of Common Pleas, which court reversed the judgment of the Municipal Court.

Plaintiffs in error prosecute error from that judgment, seeking a reversal of the judgment of the Court of Common Pleas, and an affirmance of the judgment of the Municipal Court.

The record discloses that Torbeck took a rough sketch, or cut, of a bungalow he desired to construct, and asked the plaintiffs in error, as architects, to give him an estimate on the cost of such a building. The architects gave Torbeck figures of cost in the amount of $6,840, or approximately $7,000. Thereupon, Torbeck directed the plaintiffs in error to draw plans and specifications for such a building. The record shows that plans and specifications were prepared and delivered to Torbeck, who received bids on the plans and specifications, and that these bids ran to approximately $10,000. He thereupon reported the same to the architects, who suggested that they would take bids as they thought they could get a better figure. They did so, and the best bid they could get was $8,726.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HAMILTON, PJ.

It is the law, and is so conceded by counsel on both sides, that where the architect submits estimates of the probable cost of the building, he may recover compensation, provided the estimate is approximately or reasonably near the estimated amount.

The record further discloses that Torbeck was not able to use the plans and specifications prepared, on account of his lack of finances.

Our conclusion is that a court may take notice that where the cost exceeds, by more than 20%, the estimate given by the architects, the cost is not approximately nor reasonably near the proposed amount or estimate. See Brooklyn Sav. & L. Co. v. Tousley, 16 O. C. C. (n.s.) 560, (affirmed in 80 Ohio St. pg. 737); also Vol. 5, Corpus Juris, pg. 262 and notes thereunder.

This Court will therefore enter the judgment that the Court of Common Pleas ought to have entered, and an entry may be presented here rendering judgment in favor of the defendant in error.

(Mills and Cushing, JJ., concur.)